POULSON, Respondent, v. MARKUS, Appellant.

(148 N. W. 855.)

1. **Actions—Defense—Pendency of Another Action—Suit on Note Involved in Specific Performance—Abatement of Action.**

    Where defendant, purchaser of realty from plaintiff, is sued upon a note given for part of the price, and conditioned upon delivery of deed for the realty, held, that pendency of a suit by defendant for specific performance, in which the conditions of the obligation of the maker of the note are alleged, is no ground for abatement of the action on the note, where, in the suit for specific performance, no affirmative relief on the note is sought.

2. **Pleadings—Answer, Sufficiency of—Purchase Money Note—Delivery of Conveyance, Condition of Liability.**

    Where defendant executed a note in part payment for realty which plaintiff was to convey to him, payment of which note was conditioned upon delivery of such conveyance, title to part of the realty being retained by defendant as security, held, that plaintiff's failure to convey is a good defense in an action by him on the note; and the demurrer to the answer alleging these facts should have been overruled.

**3.    Courts—Municipal Court—Jurisdiction—Equitable Counterclaim.**
Laws 1907, Ch. 191, Sec. 10, gives municipal courts jurisdiction of actions for recovery of money arising upon contract, in an amount not exceeding $500, and provides that the assertion of a counterclaim in excess of $500, or of an equitable defense, shall not deprive the court of jurisdiction. Sec. 11 confers jurisdiction to foreclose chattel mortgages and other liens on personalty. Sec. 14 deprives of jurisdiction of actions involving title to realty, except in actions of forcible entry and detainer, or detainer only, as under subd. 5 of Sec. 10, and also deprives of jurisdiction in actions wherein equitable relief is demanded, except as provided in Sec. 11. **Held,** that such courts have no jurisdiction of a counterclaim wherein specific performance is sought.

McCoy, J., concurring in the result only.

(Opinion filed October 6, 1914.   Rehearing denied Dec. 8, 1914.)

Appeal from Municipal Court of Watertown.   Hon. IRVIN H. MYERS, Judge.

Action by Mabel C. Poulson against Henry W. Markus, upon a promissory note; defendant counterclaiming, and for specific performance, etc.   From an order sustaining a demurrer to the answer, defendant appeals.   Reversed.

*Hanten & Hanten, Nick J. Steichen,* and *Perrett F. Gault,* for Appellant.

*Sherin & Sherin,* for Respondent.

(1) Under point one of the opinion, Appellant cited:

1 Cyc. 27, and cases cited at note 37; Crane v. Larson, 15 Pac. 326; Tacoma v. Light Co., 46 Pac. 1043; Watson v. Jones (U. S.) 20 L. Ed. 666; Richardson v. Opelt, 82 N. W. 377; Stevens v. Loan Ass'n, 57 Pac. 779; Guinn v. Elliott, 98 N. W. 625; Drisbrow Co. v. Creamery Co. et al., 132 N. W. 913.

Respondent cited:

Calaveras Co. v. Brockway, 30 Cal. 326; Watson v. Jones, 13 Wall, 715; 1 Cyc., from page 27 to 34; Wilson v. St. Paul M. & M. Ry. Co. (Minn.) 46 N. W. 909.

(2) Under point two of the opinion, Appellant cited:

39 Cyc. 1922; Stone v. Fowle, 39 Mass. 166; Green v. Ostrander, 125 N. W. 735 (Mich.); Clayton v. West. Natl. Wall Paper Co., 146 S. W. 697; Maydole v. Peterson, 63 Pac. 1048; Williams v. Wood Mow. & Reap. Mach. Co., 154 S. W. 366.

POLLEY, J. This is an appeal from an order in the municipal court of the city of Watertown. The action is brought to recover on a promissory note. Defendant, by amended answer, interposed: First, a plea in abatement, alleging the pendency of another action between the same parties, based upon the same cause of action, in the circuit court of Codington county. Second, as an affirmative defense, alleging that the note sued upon was given as part of a contract for the sale of a piece of real estate by plaintiff to defendant; that defendant was entitled to a deed conveying said real estate; that he had demanded said deed and tendered the amount of the note, conditioned upon the delivery of such conveyance, and had kept said tender good by depositing same in a reputable bank to plaintiff's credit, and that, until said conveyance was delivered, the note was without consideration. And, third, a counterclaim in which he alleged all of the facts pleaded in his second defense and demanded specific performance of the said contract. To this amended answer plaintiff demurred, upon the ground: First, that said alleged plea in abatement does not state facts sufficient to constitute any defense to plaintiff's cause of action, and does not show that there is another action pending between the same parties for the same cause of action; second, that the said defense does not state any facts sufficient to constitute any defense to plaintiff's cause of action; and, third, that said counterclaim does not state facts sufficient to constitute any defense to plaintiff's cause of action, nor state any facts sufficient to constitute a legal counterclaim to plaintiff's cause of action. Plaintiff also moved to strike out certain parts of the said amended answer, on the ground that the same is redundant, immaterial, and frivolous, referring to certain parts of said amended answer by the paging thereof. These references are evidently to the original amended answer, and, as said answer has not been transmitted to this court, the same cannot be considered. The demurrer was sustained, and defendant appeals. This presents for consideration the alleged plea in abatement, the affirmative defense pleaded, and the alleged counterclaim.

[1] In that portion of defendant's amended answer designated as a plea in abatement he sets out in full his complaint in the action pending in the circuit court wherein he is seeking specific performance of the alleged contract to convey real estate. From

this it appears that the facts set forth in the complaint in that action are substantially, if not identically, the same, in all respects, as the matter pleaded by him in this action as an affirmative defense. He pleads the same contract, the same offer to perform, the same conditional liability on the note set out in plaintiff's complaint in this action, and the same conditional tender to plaintiff of payment of the said note. But, while this is true, there is not such an identity of issues presented in the two actions as to make one of them available in abatement of the other. It is true that the note sued upon in this action is pleaded in the other action, but it is not made the ground of affirmative relief to respondent. A defendant is not required to seek affirmative relief by way of counterclaim or otherwise; and, if the defendant in the action pending in the circuit court were to plead a general denial without asking for affirmative relief on the note in question, or if he were to default and the court should find against the plaintiff on his alleged contract for conveyance, the result would be a mere dismissal of the action and the defendant would be entitled to maintain another action upon the said note. Thus a judgment in that action would not necessarily be a defense in this action. From this, it follows that the demurrer to appellant's claim in abatement should have been sustained.

[2] For his affirmative defense, appellant alleged, as he had alleged in his complaint in the other action, that, on the 4th day of September, 1912, plaintiff and defendant entered into a contract whereby plaintiff agreed to sell, and defendant agreed to buy, a piece of real estate, consisting of lot 9 and the N. ½ of lot 10 in a certain block in the city of Watertown, for the agreed consideration of $3,600. Of this amount, $100 was paid in cash at the time of making the contract and the balance was to be paid on or before the first day of October, 1912. On the 9th day of October, defendant paid plaintiff $3,000 in cash, gave him a note for $235— $200 of which was to be applied on the purchase price of said ground—and agreed to pay him $300 in addition, making in all, including the $100 paid when the contract was made, $3,600. That at the time of making said payment, plaintiff executed and delivered to defendant a deed, conveying to him the S. ½ of said lot 9 and the N. ½ of said lot 10, but that he retained the title to the N. ½ of lot 9 as security for the payment of the said note and the

additional $300. That, upon the delivery of the said deed, defendant was given possession of the whole of said ground, and that he has resided upon and occupied the same ever since, and that part of the building so occupied is situated on the N. ½ of said lot 9.

Defendant also alleged that, prior to the commencement of this action, he demanded of plaintiff a conveyance of said ground and tendered plaintiff the balance of said purchase price, and that he has since kept said tender good by depositing said money to the credit of plaintiff in a reputable bank, conditioned upon the execution and delivery of said conveyance; that, to the extent of the $200 still unpaid on said note, the sole and only consideration for the execution and delivery thereof was, and is, the conveyance of the N. ½ of said lot 9; and that it was mutually agreed by plaintiff and defendant that the delivery of said note was conditional, and that the same should not become due, and that the defendant should not become liable thereon, until such conveyance had been delivered. These allegations—the truth of which are admitted by plaintiff's demurrer—state facts sufficient to constitute a complete legal defense to plaintiff's right to recover upon the note, and the demurrer to the second defense should have been overruled.

[3] The counterclaim set out in the amended answer presents a more difficult question. The matter pleaded in said counterclaim constitutes a demand for affirmative equitable relief in the way of specific performance of the alleged contract. But the municipal court is not clothed with jurisdiction to grant this relief.

The municipal court was created by the provisions of chapter 191, Laws of 1907. It is given limited jurisdiction, both at law and in equity in civil actions, and in certain criminal cases. The civil jurisdiction at law is provided for in section 10 and is as follows:

"Sec. 10, Jurisdiction—Jurisdiction in Civil Actions. The jurisdiction of every municipal court shall be coextensive with and limited to, the county in which the city is situated. It may try and determine civil actions: 1. Arising on contract for the recovery of money only when the amount claimed shall not exceed five hundred dollars. 2. For damages for injury to the person or to real property, or for taking, detaining or injuring personal property, when the amount claimed shall not exceed five hundred dollars. 3. For a penalty given by statute not exceeding five hundred dol-

lars or upon a bond conditioned for the payment of money, whatever the penalty thereof, when the amount claimed shall not exceed five hundred dollars. 4. On an official bond, or on any bond or undertaking taken in a municipal court, if the penalty shall not exceed five hundred dollars. 5. For forcible entry and detainer or detainer only of real property, whether involving the title to or boundaries of such property or not. 6. The court may take and enter judgment by confession to an amount not exceeding five hundred dollars. 7. The assertion of a counterclaim in excess of five hundred dollars or of an equitable defense in any action of any character shall not serve to deprive the court of jurisdiction, and the court shall have jurisdiction to try and determine such action and enter judgment therein, notwithstanding the assertion of such counterclaim or equitable defense.

"Sec. 11. Jurisdiction—Equitable. Coextensive with the limits of the county in which the city is situated, the court may try and determine actions for the foreclosure of chattel mortgages or other liens upon personal property, in which actions the amount of the relief demanded does not exceed five hundred dollars."

By the provisions of section 14, certain jurisdiction is specifically withheld, and reads as follows:

"Sec. 14. Jurisdiction Withheld. Except as provided in subdivision 5 of section 10, no municipal court shall have jurisdiction of civil actions involving the title to or boundaries of real property or of any action: 1. For a divorce. 2. To recover damages for false imprisonment, libel, slander, malicious prosecution, criminal conversation, seduction or breach of promise to marry. 3. Wherein equitable relief is demanded, except as provided in section 11; and in subdivision 7 of section 10. 4. Against the county in which the city is situated. Nor shall the court have power to issue writs of habeas corpus, quo warranto, ne exeat, mandamus, prohibition or injunction.

"Sec. 15. Defense in Excess of Jurisdiction—Procedure. When it shall appear and be shown to the satisfaction of the court (such showing to be made in such manner as the judge shall deem proper) that the title to or boundaries of real property is involved in any action other than for a forcible entry and detainer or detainer only, of such property, and that in such action it will be

necessary to determine the title to or boundaries of such real property, the fact shall be recorded and the clerk shall transmit to the clerk of the circuit court a certified transcript of the record and all papers filed in the action. Thereafter the action shall proceed to judgment in the circuit court as if it had been commenced therein, and the costs shall abide the event. Actions in which the municipal court does not have exclusive jurisdiction, may, by stipulation of the parties thereto, in like manner be transferred to the circuit court."

This chapter has been amended in certain particulars by each Legislature since its enactment, but the portions of the act involved on this appeal have not been changed. Section 11 especially provides for the equitable jurisdiction of the court, and, covering certain classes of cases as it does, it will be held to exclude all other cases unless they fall within the provisions of some other part of the law, although in this case the application of this rule is not necessary, for the provisions of subdivision 3 of section 14 especially withhold from the court all jurisdiction to grant equitable relief except such as is provided for in subdivision 7 of section 10. This, then, leaves subdivision 7 standing entirely alone, and the equitable jurisdiction of the court in this case must be found, if found at all, in this subdivision. But, upon an examination of said subdivision, it is found that it does not purport to confer any jurisdiction at all. It merely provides that:

"The assertion of a counterclaim in excess of $500 or of an equitable defense in any action of any character shall not serve to deprive the court of jurisdiction."

It will be observed that the above has no reference to an equitable counterclaim, but only to a legal counterclaim for a sum of money in excess of $500, and it merely provides that the court shall not be ousted of jurisdiction in a proper case by the interposition of a counterclaim for an amount in excess of the jurisdiction of the court or by an equitable defense. It does not provide what the court may do in such cases, though the inference may fairly be drawn that the court shall disregard either of such defenses and try and determine the case without reference to such defense. But whether or not either of such defenses should be disregarded, or whether a cause should be tried including a counterclaim in excess of $500, or including such equitable defense, are

questions that are not involved on this appeal, and nothing said · herein is to· be taken as· an expression of the views of the court ·upon these questions.

But the law does not provide that the assertion of an equitable counterclaim "shall not serve to deprive the court of jurisdiction." No mention is made of an equitable counterclaim; and, from this, the inference may fairly be drawn that it was the intention of the framers of the law that the assertion of an equitable counterclaim should oust the court of jurisdiction to try or determine the action. This irresistibly leads to the conclusion that the assertion by the appellant of his equitable counterclaim· deprived the court of jurisdiction to proceed further with the case; and, the case not falling within the provisions of section 15 and the court being nowhere given jurisdiction to proceed with the ·case, it necessarily follows that the same should have been dismissed.

The order appealed from is reversed.

McCOY, J., concurs in result only.