EDWARD C. PLUME COMPANY, Appellant, v. VOEDISH JEWELRY COMPANY, Respondent.

(164 N. W. 59)

(File No. 3991.    Opinion filed August 7, 1917.    Rehearing denied August 30, 1917.)

1. **Pleadings—Counterclaim—Raising Question of Jurisdiction by Demurrer to—Statute.**

   Code Civ. Proc., Sec. 130, authorizing a demurrer to an answer containing new matter, where, upon its face, it does not constitute a counterclaim, does not contemplate raising question of jurisdiction of the court by demurrer to a counterclaim, but only the question of sufficiency of facts to constitute a counterclaim.

**2.   Courts—Municipal Court—Demurrer to Counterclaim—Equitable Relief, Involved in Ruling on Demurrer, Whether Exercise of Equitable Jurisdiction?**

A municipal court, in ruling upon a demurrer to a counterclaim, involving the question whether equitable relief should be granted under the counterclaim, does not thereby exercise equitable jurisdiction; since that court must, under the demurrer, determine for itself whether the counterclaim is legal or equitable. So held, against objection that such court, after an equitable counterclaim has been interposed, cannot do more than dismiss the action.

**3.   Pleadings—Counterclaim, Equitable Relief Under—Cancellation of Fraudulent Contract—Fraud Pleadable as Defense at Law—Multiplicity of Suits, Effect of Allegation.**

Allegations in a counterclaim in a suit on contract, that plaintiff had, prior to present suit, assigned the contract, that assignee had sued thereon, defendant recovering judgment for costs therein, which costs were unpaid, that in bringing the original action plaintiff therein acted for and in behalf of the present plaintiff, and that plaintiff is bringing present action in its own name to harass and annoy defendant and to compel defendant to pay plaintiff in order to avoid expensive litigation and multiplicity of suits; that the execution of the contract was obtained through fraud, and that defendant's signature thereto was forged; with prayer for cancellation of the contract on ground that defendant has no remedy at law, etc., and no remedy save through cancellation of the contract, are insufficient to invoke equitable relief; since, the contract being an executory non-negotiable personal one, equity will not order its cancellation, where fraud may be set up in defense to a suit thereon, and there are no special circumstances preventing such defense from being available, adequate, and complete. **Held,** further, that the mere allegation that defendant believes that plaintiff will, if defeated in present suit, assign the contract for suit by another, is not tantamount to proposition of avoidance of multiplicity of suits.

Appeal from Municipal Court of Aberdeen. Hon. GEO. W. CRANE, Judge.

Action by the Edward C. Plume Company, against the Voedish Jewelry Company, to recover on contract for advertising services. From an order overruling plaintiff's demurrer to defendant's equitable counterclaim, and dismissing the action, plaintiff appeals. Reversed and remanded, with directions.

*Williamson & Williamson,* for Appellant.

*Frank McNulty,* for Respondent.

(3) To point three of the opinion, Appellant cited: Civ. Code, Sec. 2361; 22 Cyc. 766.

Respondent cited: Hamilton v. Cummings, 1 John. Ch. 517; Waddell v. Lanier, 62 Ala. 347; Sherwood v. Salmon, 5 Day 439, 5 Am. Dec. 167; Hogueland v. Arts, 113 Iowa, 634, 85 N. W. 818; Ashley v. Denton, 1 Litt. (Ky.) 86; Manning v. Berdan, 135 Fed. 159.

GATES, P. J.    Action on contract for advertising services. The subject-matter of this case was before us at a former time. See Williamson v. Voedish Jewelry Co., 35 S. D. 390, 152 N. W. 508.    By way of counterclaim to the complaint in the present action defendant alleged:

"(1) That it is a corporation duly organized under the laws of the state of South Dakota, with its principal place of business at the city of Aberdeen, South Dakota, and is engaged in the manufacture and sale of jewelry.    (2) That it acts entirely through its board of directors, and this board of directors never authorized the execution of the contract set out in plaintiff's complaint.    (3) That the signature to said contract set out in plaintiff's complaint was not made by the defendant, and that the same was obtained by fraud, in that the plaintiff induced some unauthorized person to sign the name of defendant thereto.    (4) That heretofore the plaintiff assigned said contract to G. N. Williamson, who brought suit against the defendant and obtained a judgment in this court, and which upon appeal was reversed by the Supreme Court.    (5) That as a part of said reversal judgment for costs was entered in favor of this defendant and against said G. N. Williamson, amounting to more than $90. (6) That in bringing said action against this defendant said G. N. Williamson was acting as the agent of this plaintiff and for and in its behalf. (7) That the plaintiff is now bringing this action in its own name, and with the intention to harass and annoy this defendant, and for the purpose of seeking to compel this defendant to pay said plaintiff for the purpose of avoiding expensive litigation and a multiciplicity of suits.    (8) That the agreement set out in plaintiff's complaint and made the basis of this action is forged and fraudulent, and as defendant is informed and believes, if plaintiff cannot recover in this action, it would assign said claim to some other person and thereby subject this defendant to a multiplicity

of suits.  (9) That the defendant has no plain, speedy, and adequate remedy at law, and has no remedy in the premises, except that said contract and agreement set out in plaintiff's complaint be canceled, and plaintiff forever enjoined from assigning said agreement to any other' persons, and from maintaining this action or any other or further actions thereon.  Wherefore defendant prays that said instrument described in plaintiff's complaint be adjudged to be null and void, and that the same be delivered up and canceled, and that the plaintiff be forever enjoined· and restrained from assigning the said agreement, and from maintaining this action or any other action thereon, and for such other and further relief as to the court may seem just and equitable in the premises together with its costs and disbursements herein."

Plaintiff demurred to the counterclaim:  First, for want of sufficient facts; second, that the court had no jurisdiction to grant the relief asked.  The trial court held that the allegations of the counterclaim constituted an equitable counterclaim, overruled the demurrer, and dismissed the action, upon the authority of Poulson v. Markus, 34. S. D. 428, 148 N. W. 855.

[1] Section 130, C. C. P., does not contemplate the raising of the question of the jurisdiction of the court by a demurrer to a counterclaim.  It contemplates only the raising of the question of the sufficiency of the facts to constitute a counterclaim; so that the second ground of demurrer was unavailing.  Did the facts set up constitute an equitable counterclaim?

[2] It is urged by appellant that no irreparable injury is alleged, and that the allegations of paragraphs 8 and 9 of the counterclaim are pure conclusions, and do not state facts on which injunction will lie.  It is urged by respondent that the cancellation of an instrument is a function of equity, and that such jurisdiction will be exercised to cancel instruments surreptitiously and fraudulently obtained.  It is also urged by respondent that, inasmuch as the municipal court cannot take any step after an equitable counterclaim has been interposed, except to dismiss the action, for such court to determine whether equitable relief should be granted in this case would be exercising equitable jurisdiction.  The falsity of this logic is apparent.  The municipal court must

15—Vol. 39, S. D.

determine for itself whether a counterclaim is legal or equitable. The attorney for a defendant cannot be such arbiter. He cannot, by labeling a counterclaim "equitable," deprive the court of jurisdiction, if the counterclaim is not equitable. Such a determination by the court is not the exercise of equitable jurisdiction.

[3] We are of the view that the allegations of the counterclaim are not sufficient to invoke equitable relief. The rule seems to be generally observed that, as to an executory nonnegotiable personal contract, equity will not order a cancellation where the fraud may be set up as a defense to an action on the contract, and there are no special circumstances which would prevent the defense from being available, adequate, and complete. Pomeroy, Eq. Juris. § 914. The only purported equitable ground alleged is that of avoidance of multiplicity of suits. The mere fact that defendant believes that plaintiff will, if defeated in this action, assign the contract for suit by some one else, does not arrive at the proposition of the avoidance of multiplicity of suits. No fact is alleged tending to show that the defendant has not a complete and adequate remedy at law, nor are special circumstances alleged calling for the interposition of equity. Johnson v. Swanke, 128 Wis. 68, 107 N. W. 481, 5 L. R. A. (N. S.) 1048, 8 Ann. Cas. 544.

The demurrer to the counterclaim should have been sustained upon the first ground. The order overruling the same and dismissing the action is reversed, and the cause is remanded for trial upon the issues raised by the pleadings, after striking out the alleged equitable counterclaim.