THE STEVENS CORPORATION, A Corporation,
Respondent, v. DYBVIG, Appellant

(291 N. W. 926.)

(File No. 8294.   Opinion filed April 27, 1940.)

**Thornton G. Owen, Odean Hareid,** and **Danforth & Danforth,** all of Sioux Falls, for Appellant.

**Doyle & Mahoney,** of Sioux Falls, for Respondent.

PER CURIAM.   Plaintiff brought this action in the municipal court of Sioux Falls seeking a declaratory judgment.   The defendant objected to the jurisdiction of the municipal court.   Upon the overruling of this objection defendant demanded that the action proceed as an action at law, and that the fact issues involved be submitted to a jury. The court denied this demand; it proceeded to hear the case sitting as a court of equity and entered findings of fact, conclusions, and judgment in favor of plaintiff.   Defendant has appealed.

■■ Appellant first contends that the municipal court is without jurisdiction in any case to render a declaratory judgment. We need not, in this case, pass upon this broad contention of appellant. The Uniform Declaratory Judgments Act, Section 1, which now appears in SDC 37.0101 provides: "Courts of record within their respective jurisdictions shall have power to declare rights, * * *."

Quite obviously this language was not intended to and does not enlarge the jurisdiction of any court. Borchard on Declaratory Judgments, pages 119, 135, and 144; 16 Am. Jur., Declaratory Judgments, § 52; Aetna Life Insurance Co. v. Haworth, 300 U. S. 227, 57 S. Ct. 461, 81 L. Ed. 617, 108 A.L.R. 1000. The municipal court is a court of limited jurisdiction without equitable jurisdiction except in certain specified instances not here material. SDC 32.0912 to 32.0919, incl., Poulson v. Markus, 34 S. D. 428, 148 N. W. 855.

■ It follows that if the issues presented to the municipal court in this case were such as are cognizable by a court of equity, they were not within the limited jurisdiction of that court, which limited jurisdiction has not been enlarged by the Declaratory Judgments Act. On the other hand if the issues presented were appropriate to the jurisdiction of a court of law, and within the jurisdiction of the municipal court, it was error to deny the demand for a jury and to proceed as a court of equity to hear and determine the case. South Dakota Constitution Article 6, Section 6; SDC 37.0109; Aetna Casualty & Surety Company v. Quarles, 4 Cir., 92 F.2d 321.

The judgment appealed from is reversed.

SMITH, P.J., and POLLEY, ROBERTS, and RUDOLPH, JJ., concur.

WARREN, J., concurs in result.